UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mark Eugene Ricks, § | |
| § | |
| Plaintiff, § | |
| versus § | Civil Action H-19-0587 |
| § | |
| Jessica Khan, MD, et al. § | |
| § | |
| Defendants. § | |

## Opinion Granting Motion to Dismiss

Mark Eugene Ricks says that the defendants were deliberately indifferent to his serious medical needs by delaying treatment of Hepatitis C with Epclusa or Harvoni based on a prison system policy. Ricks seeks injunctive, declaratory, and monetary relief. The defendants move to dismiss the complaint because Ricks does not state a claim for relief.

Ricks must offer facts showing that the defendants were aware of facts that could infer a substantial risk of serious harm to his health and actually infer the substantial risk. Disagreement with medical treatment offered does not support a claim for deliberate indifference. Ricks must show that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or wantonly disregarded his serious medical needs.

Ricks's complaint and more definite statement does not show that the defendants were deliberately indifferent to his medical needs. Ricks says that the defendants treated him with Pegasus. Ricks says that treatment concluded in 2013. Ricks says that a 2016 ultrasound showed that his liver was progressing into cirrhosis and that the defendants did not offer Epclusa or Harvoni because he was not sick enough and it cost too much. Ricks says that the policy did not allow him to be given the cure and did not protect him from his liver damage progressing. Ricks says that every six-months

1

ultrasounds were offered to monitor his condition but that he was not given the cure until his liver already had a cyst. Ricks says that he is now receiving appropriate treatment but that it is too late to reverse cirrhosis. Ricks offers medical records and grievances to support his claims.

Medical records offered by Ricks show consistent monitoring of the condition of his liver and for other signs that further treatment may be necessary. Exams in 2016 and 2017 indicate that Ricks's liver was normal sized with a mildly coarse echotexture and nodular contour. No lesions were seen but Ricks's liver was consistent with chronic liver disease. Exams in May 2018 show that Ricks's liver and other organs still had no lesions or changes. An August 2018 exam showed that an eight-millimeter lesion had formed on the liver. Grievances filed by Ricks state that the HCV specialty clinic provider saw Ricks on October 18, 2018, that he continues to be monitored, and that further treatment could not be recommended until he meets the criteria set forth on Policy B-14.13.3 and his ALD levels dropped. The grievance also noted that Ricks refused additional CT scans.

Ricks does not offer evidence that the Hepatitis C treatment policy is unconstitutional itself or that the defendants deliberately misapplied the policy to deny him treatment. The medical records instead show that Ricks routinely received care and re-evaluations under the policy, and that Ricks was treated with Epclusa or Harvoni once eligible. The allegations amount to a disagreement with his medical treatment and do not support a claim for deliberate indifference to his serious medical needs in delaying treatment.

The defendants's motion to dismiss is granted. (17) The complaint is dismissed with prejudice.

Signed at Houston, Texas, on _____March 19_____, 2020.

Lynn N. Hughes
United States District Judge

2