United States District Court
Southern District of Texas
**ENTERED**
January 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK EUGENE RICKS, §<br>TDCJ #01238188 §<br>§<br>Plaintiff, §<br>v. §<br>§<br>DR. JESSICA KHAN, *et al.*, §<br>§<br>Defendants. § | CIVIL ACTION NO. H-19-cv-587 |

**MEMORANDUM AND OPINION**

This case is brought by Mark Eugene Ricks, an inmate in the custody of the Texas Department of Criminal Justice. Mr. Ricks alleges that physicians and other medical officials at the University of Texas Medical Branch violated his Eighth Amendment rights under 42 U.S.C. § 1983 when they denied him direct acting antiviral drugs for his Hepatitis C, resulting in permanent liver damage. (Docket Entry No. 62).[1] The defendants have moved to dismiss all claims except Mr. Ricks's "treatment-related Eighth Amendment claims against Khan and Pockthall [and Mr. Ricks's] policy-related Eighth Amendment claims against Linthicum, Murray, DeShields, and Moore." (Docket Entry No. 65 at 3). The defendants have also moved to stay discovery pending the resolution of their motion to dismiss based on qualified immunity. (Docket Entry No. 66). The court will grant the motion to stay.

---

[1] In his First Amended Complaint, Mr. Ricks also pleaded a Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983 against all defendants. (Docket Entry No. 62 ¶¶ 119–126). In his response to the defendants' motion to dismiss, however, Mr. Ricks states that he "no longer advances any equal protection claim." (Docket Entry No. 67 at 6 n.1). Accordingly, the court considers Mr. Ricks's Fourteenth Amendment claim dismissed as to all defendants and will enter a separate order to that effect.

The defendants argue that their assertion of qualified immunity "is a threshold issue that the court should decide before allowing discovery to proceed." *T.L. v. New Caney Indep. Sch. Dist.*, No. CV H-24-1435, 2024 WL 4028726, at *1 (S.D. Tex. Sept. 3, 2024); (Docket Entry No. 66 at 2–3). The defendants also assert that the case should be stayed as to all claims against all defendants because all defendants have asserted qualified immunity in the pending motion to dismiss, though as to only some of Mr. Ricks's claims. (Docket Entry No. 66 at 2–3).

The Fifth Circuit has held that "when defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—cabined or otherwise—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023) (internal quotations omitted). Under this precedent, discovery against all defendants must be stayed until the court rules on their motion to dismiss on the basis of qualified immunity. *See T.L.*, 2024 WL 4028726, at *1.

Mr. Ricks's decision not to pursue his equal protection claims moots the motion to dismiss those claims on the basis of qualified immunity. *See* (Docket Entry No. 65 at 14). As a result, two defendants—Jessica Khan and Monica Pickthall—do not appear to have remaining immunity assertions. *See id.* at 2, 3 n.1, 12–14. Nevertheless, Mr. Ricks's claims against the other defendants "are closely related [to] and involve the same facts and events" as his claims against Khan and Pickthall, such that "discovery against [the other defendants] would necessarily be discovery against [Khan and Pickthall]." *T.L.*, 2024 WL 4028726, at *1. As a result, the discovery stay also applies to Khan and Pickthall. *See id.*

The court grants the motion to stay discovery pending resolution of the defendants' motion to dismiss. (Docket Entry No. 66).

SIGNED on January 16, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge